UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
IMAGEPOINT, INC., and IMAGEPOINT, INC.,
by JAMES R. MARTIN, Secured Creditor,

                Plaintiffs,

       -against-                                          12-cv-7183 (LAK)

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,

                Defendant.
------------------------------------------------------------x

<blockquote>USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/8/2014</blockquote>

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

        This matter is before the Court on the objection of defendant JP Morgan Chase ("JPM") to the report and recommendation of Magistrate Judge Gabriel W. Gorenstein, dated June 25, 2014 (the "R&R"), which recommended that I grant defendant's motion to dismiss the second amended complaint to the extent of dismissing plaintiffs' claim for unjust enrichment and deny it in all other respects. As the R&R thoroughly and clearly presents the facts and the legal issues, no purpose would be served by repetition here. Accordingly, I assume complete familiarity with the R&R in dealing with defendant's objections.

        1.     JPM argued before Magistrate Judge Gorenstein that plaintiffs lack standing because ImagePoint's (alleged) assignment of the JPM account receivable to Wachovia (the "First Assignment") was ineffective by virtue of the anti-assignment clause in the Procurement Agreement between ImagePoint and JPM. It did so, notwithstanding N.Y. Uniform Commercial Code §§ 9-

2

607(a)(3) and 9-406(d)(1),[1] on the theory that Article 9 of the Code does not apply here because the assignment was was "for the purpose of collection only" within the meaning of Code § 9-109(d)(5). Magistrate Judge Gorenstein rejected that argument on the ground that the assignment to Wachovia, assuming the transaction constituted an assignment, was not solely for collection purposes. Instead, he determined it was a commercial financing transaction and, in consequence, that the anti-assignment clause in the Procurement Agreement was ineffective as to any of the three assignments by virtue of Code Section 9-406(d)(1).[2]

JPM argued before Judge Gorenstein also that plaintiffs lacked standing because the assignments from Wachovia to Haslam (the "Second Assignment") and Haslam to Martin (the "Third Assignment") were nullified by anti-assignment clauses in ImagePoint's Loan and Security Agreement with Wachovia (the "LSA") and in Wachovia's Assignment, Amendment, and Settlement Agreement with Martin (the "AASA"), respectively. The alleged defect in the Second Assignment was said to have been that Haslam was not among the "Eligible Assignees" to which Wachovia was authorized to assign rights under the LSA. The alleged defect in the Third Assignment was said to have been the lack of written consent by Wachovia, which allegedly was required for Haslam's assignment to Martin.

Judge Gorenstein rejected the claim with respect to the Second Assignment for two reasons. First, he concluded that the LSA in terms nullified and voided only assignments by

---

[1] The latter provision, subject to certain exceptions, invalidates anti-assignment clauses.

[2] DI 64 (R&R) at 13-14, 19-22.

3

ImagePoint and, under the principle of *expressio unius*, not the assignment by Wachovia to Haslam.[3] Second, ImagePoint waived any defect in that assignment by acknowledging repeatedly in the bankruptcy proceeding that Haslam had succeeded to ImagePoint's rights.[4] He rejected the argument with respect to the Third Assignment on the ground that Wachovia in fact had given written consent to the assignment.[5]

JPM now objects on two grounds. The first is the contention that the Second and Third Assignments violated the anti-assignment clause *of the Procurement Agreement*, which was binding on Wachovia by virtue of the Procurement Agreement's provision that it bound not only ImagePoint, but ImagePoint's successors and assigns. Second, JPM contends that the anti-assignment clause of the Procurement Agreement affects Haslam and Martin because an assignee may stand in no better position than the assignor. Both arguments fail because the language in the Procurement Agreement upon which JPM relies is not nearly so broad as JPM's argument requires.

The anti-assignment clause of the Procurement Agreement, Section 14.2, provides in relevant part as follows:

> "Neither party may assign any rights or delegate any obligations under this Agreement without the prior written consent of the other party, which consent shall not be unreasonably withheld or delayed. However, JPMC may assign this Agreement, . . . , or any of its rights under the preceding, in whole or in part, without Supplier's [ImagePoint's] consent [in various circumstances including mergers and acquisitions involving JPMC.] Any assignment or attempted assignment contrary to this **Section 14.2** will be a material breach of this Agreement and null and void. This Agreement . . . will be binding upon the successors, legal representatives and

---

[3] R&R at 23-24.

[4] *Id.* at 24-25.

[5] *Id.* at 25-26.

4

permitted assigns of the parties."[6]

Thus, the Procurement Agreement was made binding only upon successors, legal representatives and permitted assigns. The term "successors," taken in context, includes merger partners and other like persons and entities, but not Wachovia, Haslam, or Martin, which or who instead were assignees. Nor were any of Wachovia, Haslam, nor Martin legal representatives. Thus, they would have been bound by anti-assignment clause in the Procurement Agreement, assuming it were effective in the first place, only if they were "*permitted* assigns." But "permitted assigns," as distinct from assignees in general, were persons or entities to whom rights or obligations of (a) ImagePoint were assigned or delegated with the consent of JPM, and (b) JPM were assigned or delegated with ImagePoint's consent, or in the circumstances permitted by Section 14.2 without ImagePoint's consent. Thus, none of Wachovia, Haslam, or Martin was a "permitted assign." Accordingly, none would have been bound by Section 14.2 in any case.

JPM's second argument, as I understand it, proceeds as follows: The anti-assignment clause of the Procurement Agreement provides that it shall be binding on successors and permitted assigns. Haslam and Martin, as assignees, cannot stand in a position better than the assignor upon whom their chain of title depends, Wachovia. The Second and Third Assignments (to Haslam and Martin, respectively) were made for collection purposes only. As JPM would have been entitled to object to the First Assignment had it been made for collection purposes only (i.e., because Article 9 of the Code in that event would not have invalidated the anti-assignment clause in the Procurement Agreement), JPM is entitled to object to the Second and Third Assignments as

---

[6] DI 30 (Declaration of James R. Martin), Ex. 1 (Master Procurement Agreement between ImagePoint, Inc. and JPMorgan Chase Bank, National Association) pt. 5 at 6, pt. 6 at 2 (emphasis in original).

violations of the anti-assignment clause in the Procurement Agreement.

The flaw in this creative argument already has been revealed. Neither Haslam nor Martin was a successor or permitted assign of ImagePoint within the meaning of the Procurement Agreement. Thus, nothing in the Procurement Agreement, even assuming that Article 9 of the Code did not render it ineffective, affected the validity of the Second and Third Assignments.

In sum, this Court concludes that Magistrate Judge Gorenstein's conclusion on this point was correct.

2. JPM objects also to the Magistrate Judge's implicit conclusion that ImagePoint as well as Martin has standing to pursue these claims. Given the Court's conclusion that Martin has standing, the question whether ImagePoint also has standing appears to be immaterial. In any case, it may be resolved at a subsequent stage of this litigation should that prove necessary.

\* \* \*

The Court has considered all of JPM's arguments and concluded that all lack merit. Its objections to the R&R are overruled. Defendant's motion to dismiss the second amended complaint [DI 47] is granted to the extent that the claim for unjust enrichment is dismissed and denied in all other respects.

SO ORDERED.

Dated:      August 8, 2014

/s/ Lewis A. Kaplan
_____
Lewis A. Kaplan
United States District Judge